State v. Crenshaw.

THE STATE, Plaintiff in Error, v. CRENSHAW, Defendant in Error.

1. Buffaloes, although domesticated, are not "cattle" within section 57 of article 3, of the act concerning crimes and punishments. (R. C. 1845, p. 364.)

*Error to Greene Circuit Court.*

The facts fully appear in the opinion of the court.
*Gardenhire,* (attorney general,) for the State.
*Hendricks* and *Wright,* for defendant in error.

RYLAND, Judge, delivered the opinion of the court.

The defendant was indicted for killing feloniously, wilfully, unlawfully and maliciously one buffalo bull, a domesticated animal, of the value of fifty dollars, of the goods and chattels and property of Benjamin Canefox.

There were three counts in the indictment ; in the first and second, the offence is not charged correctly ; but in the third

count it is.' The defendant appeared and moved to quash the indictment ; the court sustained this motion, and the State excepted, and brings the case here by writ of error.

The third count of this indictment being considered sufficiently formal and substantially good, raises, before this court, the question, whether a buffalo bull was within the meaning of the legislature, when they used the word " cattle," in the 57th section of article 3, of statute of crimes and punishments, (R. C. 1845, p. 364,) or not. This section is as follows : "If any person shall wilfully and maliciously kill, maim or wound any cattle of another, he shall, on conviction, be punished," &c. Here, the word is used by the legislature in the broadest sense— cattle embracing horses, cows, sheep, mules, &c. In another section of the same statute, article 8, sec. 38, "Every person who shall maliciously and cruelly maim, beat or torture any horse, ox or other cattle, whether belonging to himself or another, shall, on conviction," &c. We have no doubt that they meant to include horses under this general phase, cattle.

We do not think that the legislature meant to include buffaloes under the word " cattle. " Buffaloes are not cattle yet within the meaning of the statute ; and the fact that this buffalo bull was tamed, if it be so, does not bring him within the provision of the law, and while his tribe is left out. Though it be admitted that persons may have buffaloes tamed and domesticated, may lawfully acquire property in them, and can maintain suits for injuries done them, or for the destruction of them, yet the courts must look to the general state of things and to the circumstances attendant on any general legislation, and give such construction to the words of the law as to enable them to embrace the ideas and notions and designs of the lawmakers. Although it may prove a loss to the owner, and is of itself a serious outrage, maliciously and wilfully to destroy a domesticated buffalo, yet we are inclined to the opinion that the legislature never meant to embrace those animals under the general word " cattle." A tame domesticated buffalo bull is

not then under the provisions of this statute. He can not be brought within the provisions while his family is left out.

The judgment of the court must therefore be sustained; Judge Leonard concurring.